■ CESAR CRESPO et al., Respondents-Appellants, v TRIAD, INC., et al., Respondents, 23RD STREET PROPERTIES et al., Respondents-Appellants, and BOZELL, JACOBS, KENYON & ECKHARDT, INC., Appellants-Respondents. (And a Third-Party Action.) 23RD STREET PROPERTIES et al., Second Third-Party Plaintiffs-Respondents-Appellants, v BOND PAINTING Co., Second Third-Party Defendant-Respondent, and BOZELL WORLDWIDE, INC., Second Third-Party Defendant-Appellant-Respondent. (And a Third Third-Party Action.) [742 NYS2d 25] —Order, Supreme Court, New York County (Walter Tolub, J.), entered May 16, 2001, which, insofar as appealed from, dismissed the complaint and all cross claims as against defendant Triad Project Management Ltd. (Triad); dismissed plaintiff's Labor Law § 240 (1) claim as against defendants Bozell, Jacobs, Kenyon & Eckhardt, Inc. and Bozell Worldwide, Inc. (collectively, Bozell); granted partial summary judgment to plaintiff as against defendants 23rd Street Properties and Williams Real Estate Co., Inc. (collectively, the Owners) and defendant Poppe Tyson, Inc. (Poppe Tyson) on the issue of their liability under Labor Law § 240 (1); granted partial summary judgment to plaintiff as against the Owners, Bozell and Poppe Tyson on the issue of their liability under Labor Law § 241 (6); denied Bozell, Poppe Tyson and the Owners summary judgment on their cross claims for indemnification against third-party defendant Bond Painting Co. (Bond); granted partial summary judgment in favor of the Owners on the issue of Bozell's liability for breach of contract to procure insurance; dismissed the Owners' claim for breach of contract to procure insurance as against Poppe Tyson; and denied Bozell's and Poppe Tyson's cross motion to amend their answer so as to assert as against the Owners a claim for breach of contract to procure insurance, unanimously modified, on the law, to deny plaintiffs partial summary judgment on the issue of defendants' liability under Labor Law § 241 (6); to deny Triad summary judgment dismissing plaintiffs' claims pursuant to Labor Law § 200 and common-law negligence; to deny that part of Triad's motion and Bozell's and Poppe Tyson's motion for partial summary judgment on their claim and cross claims for common-law indemnification against Bond and grant summary judgment to Bond dismissing such claims; to reinstate the complaint and all cross claims as against Triad; to grant Bozell's and Poppe Tyson's cross motion to amend their answer; and to grant Bozell summary judgment dismissing the complaint as

against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Bozell, Jacobs, Kenyon & Eckhardt, Inc. and Bozell Worldwide, Inc., dismissing the complaint as against them.

Plaintiff, a painter employed by Bond, was injured while painting the ceiling on the fifth floor of the Owners' premises, which was subleased to Poppe Tyson by Bozell. Poppe Tyson engaged Triad to act as construction manager for the interior renovation of the fifth floor, and entered into a separate contract with Bond for the painting of various portions of the fifth floor. Plaintiff was injured when he fell off a scaffold that was not equipped with safety railings. The complaint alleges violations of Labor Law §§ 200, 240 (1) and § 241 (6), and is brought against the Owners, Bozell, Poppe Tyson and Triad.

Given the terms of Triad's agreement with Poppe Tyson and the deposition testimony of Triad's project manager that he was on the job full-time to supervise and manage the subtrades, there are triable issues of fact as to whether Triad had sufficient authority and responsibility over the project to be held liable for the alleged Labor Law violations.

Summary judgment in favor of plaintiff on the issue of Poppe Tyson's liability under Labor Law § 200 was also properly denied, there being issues of fact as to the extent of Poppe Tyson's control over plaintiff's work.

Summary judgment in favor of plaintiff on the issue of defendants' liability under Labor Law § 240 (1) was properly granted as against the Owners, as the owners of the fee (*see, Coleman v City of New York*, 91 NY2d 821, 822-823), and Poppe Tyson, as a lessee who fulfilled the role of owner by contracting for the work (*see, Rottkamp v American Ref-Fuel Co.*, 251 AD2d 644, 645). The section 240 (1) claim was properly dismissed as to Bozell, since it was "an out-of-possession lessee of the property who neither contracted for nor supervised the work that brought about the injury, and had no authority to exercise any control over the specific work area that gave rise to plaintiff's injuries" (*Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125, 126).

There is no merit to the Owners' and Poppe Tyson's claims that factual issues with respect to proximate cause preclude summary judgment in favor of plaintiff on the section 240 (1) claims. Proximate cause is established as a matter of law by the undisputed fact that plaintiff fell off a scaffold without guardrails that would have prevented his fall (*see, Boss v Integral Constr. Corp.*, 249 AD2d 214), and the "precise manner in which plaintiff's fall occurred is immaterial" (*Laquidara v HRH*

*Constr. Corp.*, 283 AD2d 169, 169). The claims concerning plaintiff's failure to use the locking wheel devices and his movement of the scaffold while standing on it are not determinative, since contributory negligence is not a defense (*see, Vanriel v Weissman Real Estate*, 262 AD2d 56). Defendants also fail to raise an issue of fact with respect to their recalcitrant worker defense, where they fail to adduce any evidence that plaintiff refused to obey an order to utilize safety devices immediately available to him. The evidence that there was a safety device somewhere on the job site, and that plaintiff failed to heed a general instruction given at some point in the past, does not suffice (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563; *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99; *Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668).

The IAS court's holding that Bozell is liable under Labor Law § 241 (6) is inconsistent with the holding that Bozell is not an owner within the meaning of Labor Law § 240 (1), and is erroneous. While a fee owner may be held vicariously liable under section 241 (6) regardless of whether it controlled the work being performed on its property or benefitted therefrom (*see, Coleman v City of New York, supra*), a party, such as Bozell, who is not the fee owner, but an out-of-possession sublandlord who neither contracted for nor benefitted from the work, and who had no authority to exercise any control over the site of the work, cannot be held liable under section 241 (6) (*see, Saaverda v East Fordham Rd. Real Estate Corp., supra; Grindley v Town of Eastchester*, 213 AD2d 448; *Bardouille v Structure-Tone, Inc.*, 282 AD2d 635, 637). Accordingly, Bozell is entitled to summary judgment dismissing the section 241 (6) claim. Since that claim is the only claim remaining against Bozell, we modify to dismiss the complaint as against it.

We also modify to deny plaintiff summary judgment on the issue of the remaining defendants' liability under section 241 (6), there being factual issues as to whether the scaffold from which plaintiff fell was at least seven feet high such as would support a violation of Industrial Code (12 NYCRR) § 23-5.1 (j) (1).

Summary judgment was properly denied Poppe Tyson on its contractual indemnification claim against Bond, there being issues of fact as to Poppe Tyson's active negligence (*see, Correia v Professional Data Mgt.*, 259 AD2d 60, 64; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468). However, on a search of the record, summary judgment should have been granted to Bond on the Owners' common-law indemnification claim as there is nothing in the record to support any claim that plaintiff

suffered a grave injury within the meaning of Workers' Compensation Law § 11.

The Owners were properly granted partial summary judgment on their cross claim against Bozell for breach of contract for failure to procure insurance where the lease between them required each to procure insurance naming the other as an additional insured, and, in response to the motion, Bozell failed to tender an insurance policy. The same cross claim by the Owners against Poppe Tyson was properly dismissed where the sublease between Bozell and Poppe Tyson did not require the latter to name the Owners as additional insureds (see, American Home Assur. Co. v Mainco Contr. Corp., 204 AD2d 500). However, the IAS court erroneously denied Bozell's and Poppe Tyson's motion to amend their answer so as to assert against the Owners a cross claim for breach of contract to procure insurance on the ground that the movants had not submitted any evidentiary proof to show that the Owners breached such duty. Leave to amend should be freely granted and, absent any showing of prejudice by the Owners, the motion should have been granted. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.