■ RUBEN VERGARA et al., Appellants, v SS 133 WEST 21, LLC, et al., Respondents. (And a Third-Party Action.) HMF CONSTRUCTION CORP., Second Third-Party Plaintiff-Respondent,

v Bal Construction Corporation, Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendant.
[800. NYS2d 134]—

Order; Supreme Court, New York County (Rosalyn Richter, J.), entered November 18, 2003, which denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim against defendant owner SS 133 West 21, LLC, defendant lessee the School of Visual Arts and defendant general contractor HMF Construction Corp., unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Labor Law § 240 (1) imposes a nondelegable duty upon the owner and contractor to supply necessary safety devices for workers at an elevation, to protect them from falling (*see Bland v Manocherian*, 66 NY2d 452, 458-459 [1985]; *Rodriguez v Forest City Jay St. Assoc.*, 234 AD2d 68 [1996]). A violation of this duty results in absolute liability where the violation was the proximate cause of the accident (*see Crespo v Triad, Inc.*, 294 AD2d 145 [2002]). Plaintiffs made a prima facie showing that plaintiff Ruben Vergara was not provided with the adequate protection required, and nothing in defendants' submissions created material issues of fact in this regard. There is no dispute that the six-foot-high, manually propelled scaffold, which plaintiff was directed to use in order to plaster a 15-foot-high ceiling, had no side rails, and no other protective device was provided to protect him from falling off the sides (*see Vanriel v A. Weissman Real Estate*, 262 AD2d 56 [1999]).

There is no issue of fact as to whether the defect or insufficiency in the provided protective devices constituted a proximate cause of plaintiff's accident. A lack of certainty as to exactly what preceded plaintiff's fall to the floor below does not create a material issue of fact here as to proximate cause. It does not matter whether plaintiff's fall was the result of the scaffold falling over, or its tipping, or was due to plaintiff misstepping off its side. In any of those circumstances, either defective or inadequate protective devices constituted a proximate cause of the accident (*see Anderson v International House*, 222 AD2d 237 [1995]).

Labor Law § 240 (2), New York State Industrial Code (12

NYCRR) § 23-5.1 (j), and New York City Building Code (Administrative Code of City of NY) § 27-1042 (g) do not require a contrary result. These provisions apply to scaffolds in general; however, code provisions specifically applicable to manually propelled scaffolds require safety railings without reference to the height of the scaffold (see Industrial Code [12 NYCRR] § 23-5.18 [b]; New York City Building Code [Administrative Code] § 27-1048 [2]).

Nor may a claim of comparative negligence on plaintiff's part defeat summary judgment, unless plaintiff's conduct was the sole proximate cause of his accident (see Kyle v City of New York, 268 AD2d 192, 196 [2000], lv denied 97 NY2d 608 [2002]). There is no plausible view of the evidence here by which Ruben Vergara may be said to have been the sole proximate cause of his accident (see Bland v Manocherian, 66 NY2d at 460; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173 [2004]). The record demonstrates that before he fell, Ruben was walking on the scaffold, with arms overhead, looking at the ceiling in order to do his assigned task, plastering. There is nothing to indicate misconduct or misuse of the scaffold.

Plaintiffs were therefore entitled to an award of partial summary judgment on their claim pursuant to Labor Law § 240 (1). Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.