■ Veton Celaj, Respondent, v Henry Cornell, Defendant, and SMI Construction Management, Inc., Appellant. [42 NYS3d 25]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered April 21, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law §§ 240 (1) and 241 (6) claims as against defendant SMI Construction Management, Inc., unanimously affirmed, without costs.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) claim by presenting undisputed evidence that he "fell off a scaffold without guardrails that would have prevented his fall" (*Crespo v Triad, Inc.*, 294 AD2d 145, 146 [1st Dept 2002]; *accord Vergara v SS 133 W. 21, LLC*, 21 AD3d 279 [1st Dept 2005]). Plaintiff's alleged "failure to use the locking wheel devices and his movement of the scaffold while standing on it" were at most comparative negligence, which is not a defense to a Labor Law § 240 (1) claim (*Crespo*, 294 AD2d at 147; *see Vergara*, 21 AD3d at 280; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003] [affirming finding that plaintiff was sole proximate cause of accident where he failed to use properly the proper protection afforded him]).

Contrary to defendant's argument, the record does not contain any admissible evidence that safety railings were provided. The construction manager's affidavit raises only a feigned issue of fact since it contradicts his earlier deposition testimony (*see Mermelstein v East Winds Co.*, 136 AD3d 505 [1st Dept 2016]).

Nor do any inconsistencies in plaintiff's accounts of the accident raise issues of fact, because in any event he was not afforded proper protection (*see Lipari v AT Spring, LLC*, 92 AD3d 502, 504 [1st Dept 2012]; *Vergara*, 21 AD3d at 280).

Defendant's expert's opinion that the lack of safety railings accorded with industry customs and regulations is irrelevant under Labor Law § 240 (1) (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]; *see also Bonaerge v Leighton House Condominium*, 134 AD3d 648, 649 [1st Dept 2015]).

The motion court also properly refused to dismiss plaintiff's Labor Law § 241 (6) claim insofar as it is predicated on Industrial Code (12 NYCRR) § 23-5.18 (b), which requires safety rails on manually propelled scaffolds without regard to the height of the scaffold (*Vergara*, 21 AD3d at 280-281). Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.