Harrigan v G-Z/10UNP Realty, LLC (2018 NY Slip Op 02393)





Harrigan v G-Z/10UNP Realty, LLC


2018 NY Slip Op 02393


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6218 156824/14 595582/15

[*1]Gary Harrigan, et al., Plaintiffs-Respondents,
v
G-Z/10UNP Realty, LLC, et al., Defendants-Appellants, Genie Industries, Inc., et al., Defendants. 
[And a Third-Party Action]


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 1, 2017 which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary on the Labor Law § 240(1) claim against defendants G-Z/10UNP Realty, LLC and Lend Lease (US) Construction LMB, Inc., unanimously affirmed, without costs.
Plaintiffs established prima facie that the injured plaintiff (plaintiff) had not been provided with adequate protection from an elevation-related risk pursuant to Labor Law
§ 240(1) by submitting evidence that plaintiff fell when the scissor lift he was operating toppled over and that, moreover, the lift's tilt alarm failed to sound and the lift failed to shut down automatically when the lift unsafely tilted, contrary to the design of the machine. This claim was adequately preserved, since the facts and general theory supporting it were brought to defendants' attention in deposition testimony and expert opinion.
In opposition, defendants failed to raise an issue of fact as to whether the statute was violated. Their evidence is relevant to comparative negligence, which is not a defense to Labor Law § 240(1) (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK