Martinez-Gonzalez v 56 W. 75th St., LLC (2019 NY Slip Op 04111)





Martinez-Gonzalez v 56 W. 75th St., LLC


2019 NY Slip Op 04111


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9446B 9446A 9446

[*1]9446C Rigoberto Martinez-Gonzalez, Plaintiff-Respondent,
v
56 West 75th Street, LLC, et al., Defendants.
 [And a Third-Party Action] 
Brusco Contracting Corp., Second Third-Party Plaintiff-Respondent,
v
Pearl Renovations, Inc., Second Third-Party Defendant-Appellant.
56 West 75th Street, LLC, Third Third-Party Plaintiff-Respondent,
v
Pearl Renovations, Inc., Third Third-Party Defendant-Appellant, Pearl Drywall Finishing, Inc., Third Third-Party Defendant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for appellant.
Greenberg Law P.C., Garden City (Lisa M. Comeau of counsel), for Rigoberto Martinez-Gonzalez, respondent.
Nicoletti Gonson Spinner, New York (Benjamin N. Gonson of counsel), for Brusco Contracting Corp., respondent.
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York (Michael C. Feinberg of counsel), for 56 West 75th Street, LLC, respondent.



Orders, Supreme Court, Bronx County (Robert T. Johnson, J.), entered April 5, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment against defendants 56 West 75th Street, LLC and Brusco Contracting Corp. on the issue of liability under Labor Law § 240(1), and granted defendant 56 West's motion for summary judgment on its claim against second/third third-party defendant Pearl Renovations, [*2]Inc. (Pearl) for contractual indemnification, and, upon searching the record, granted summary judgment to defendant Brusco on its contractual indemnification claim against Pearl, unanimously affirmed, without costs.
Plaintiff was injured in a fall from a scaffold. It is undisputed that the scaffold he was supplied with and directed to use lacked railings, and that he fell off when the scaffold tipped as one wheel broke through the floor on which it was standing. Plaintiff was not provided with any other safety devices. This evidence establishes prima facie a violation of Labor Law § 240(1) (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]). Plaintiff was not required to show that the scaffold was defective (see Ross v 1510 Assoc. LLC, 106 AD3d 471 [1st Dept 2013]; see also Kash v McCann Real Equities Devs., 279 AD2d 432 [1st Dept 2001]; Gallagher v Bechtel Corp., 245 AD2d 36 [1st Dept 1997]). In opposition, Pearl failed to raise an issue of fact.
Pearl, plaintiff's employer, which was hired to do sheetrocking and taping work at the job site, signed an agreement in connection with the renovation work, which clearly and unambiguously obligated it to defend and indemnify 56 West and Brusco for any personal injury claims resulting therefrom. 56 West and Brusco had no involvement in plaintiff's work, and their liability to plaintiff was strictly vicarious. Under these circumstances, defendants are entitled to contractual indemnification by Pearl (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]; see Masciotta v Morse Diesel Intl., 303 AD2d 309, 312 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK