Camacho v Ironclad Artists Inc. (2019 NY Slip Op 05475)





Camacho v Ironclad Artists Inc.


2019 NY Slip Op 05475


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9813 161948/14

[*1]Joaquin F. Escobar Camacho, Plaintiff-Respondent,
v
Ironclad Artists Inc., et al., Defendants-Appellants. 
[And A Third-Party Action]
Beggars Capital LLC, Second Third-Party Plaintiff,
v
The Palombo Group Inc., Second Third-Party Defendant-Appellant.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for Ironclad Artists Inc., appellant.
Faust Goetz Schenker & Blee LLP, New York (Damian F. Fischer of counsel), for Beggars Capital LLC, appellant.
Gorton & Gorton, LLP, Garden City (John T. Gorton of counsel), for The Palombo Group Inc., appellant.
Ginarte Gallardo Gonzalez Winograd, LLP, New York (Timothy Norton of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 20, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment against defendants Ironclad Artists Inc. and Beggars Capital LLC on the issue of liability for violations of Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff was injured in a fall from a scaffold. It is undisputed that the scaffold he was supplied with and directed to use lacked guard rails and that he fell off when the scaffold tipped. Plaintiff was not provided with any other safety devices. This evidence establishes prima facie a violation of Labor Law § 240(1) (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; see also Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]).
In opposition, defendants failed to raise an issue of fact. Contrary to defendants' claim, the alleged failure to unlock the wheels does not raise an issue of fact (see Celaj, 144 AD3d at 590 [the plaintiff's alleged failure to use the locking wheel devices and his movement of the scaffold while standing on it were at most comparative negligence, which is not a defense to a section 240(1) cause of action]). Plaintiff's fall from the scaffold, without guard rails or other [*2]protective devices, was a proximate cause of the accident (Vergara at 280 [1st Dept 2005] ["defective or inadequate protective devices constituted a proximate cause of the accident"]; Anderson v International House, 222 AD2d 237 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK