Ordonez v One City Block, LLC (2021 NY Slip Op 00529)





Ordonez v One City Block, LLC


2021 NY Slip Op 00529


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 161328/15 Appeal No. 13007 Case No. 2020-00604 

[*1]Carlos Ordonez et al., Plaintiffs-Appellants-Respondents,
v
One City Block, LLC, et al., Defendants-Respondents, Waldorf Holding Corporation et al., Defendants-Respondents-Appellants.
W5 Group LLC Doing Business as Waldorf Demolition, Third-Party Plaintiff-Respondent- Appellant,
v
Calvin Maintenance, Third-Party Defendant-Respondent.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Christopher J. Donadio of counsel), for appellants-respondents.
Lewis, Brisbois, Bisgaard & Smith, LLP, New York (Meredith Drucker Nolen of counsel), for respondents-appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for defendants-respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 13, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability under Labor Law § 240(1) against defendants One City Block, LLC, Taconic Management Company, and W5 Group, LLC d/b/a Waldorf Demolition, unanimously reversed, on the law, without costs, and the motion granted.
Defendants Taconic and W5 are subject to vicarious liability under Labor Law § 240(1) as statutory agents of defendant One City Block, the owner of the construction site, since it is undisputed that they had the authority to supervise and control the work that brought about plaintiff Carlos Ordonez's injury (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Merino v Continental Towers Condominium, 159 AD3d 471 [1st Dept 2018]).
Plaintiffs established prima facie that defendants violated Labor Law § 240(1) and that the violation proximately caused plaintiff's injuries, as the uncontroverted evidence shows that the scaffold supplied to plaintiff for the demolition work he was performing lacked guardrails and that no other protective devices were provided to protect him from falling (see Martinez-Gonzalez v 56 West 75th Street, LLC, 172 AD3d 616, 617 [1st Dept 2019]; Sanchez v Bet Eli Co. Del. LLC, 177 AD3d 478 [1st Dept 2019]; Deschaine v Tricon Constr., LLC, 187 AD3d 599 [1st Dept 2020]).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. Given the scaffold's inadequacy to protect him from falling, plaintiff's alleged failure to lock the wheels of the scaffold could not be the sole proximate cause of his accident (see Vail v 133 Broadway Assoc., L.L.C., 105 AD3d 636, 637 [1st Dept 2013]). It would be at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]). Defendants' argument, raised for the first time on appeal, that plaintiff was the sole proximate cause because he was not wearing a safety harness is also unavailing (see Berrios v 735 Ave. of the Ams., LLC, 82 AD3d 552, 553 [1st Dept 2011] [scaffold's inadequacy was "a more proximate cause of the accident"]), as is their suggestion that plaintiff may have fainted and/or stepped backwards off the scaffold (see Lajqi v New York City Tr. Auth., 23 AD3d 159 [1st Dept 2005]).
Nor are material issues of fact presented by any dispute as to exactly how plaintiff fell from the unguarded scaffold or whether the scaffold was six feet or eight feet in height (see Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021