Rodriguez v 352-54 W. 48th St. Hous. Dev. Fund Corp. (2021 NY Slip Op 02348)





Rodriguez v 352-54 W. 48th St. Hous. Dev. Fund Corp.


2021 NY Slip Op 02348


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Webber, Moulton, JJ. 


Index No. 154543/13 Appeal No. 13593 Case No. 2020-02260 

[*1]Neil Rodriguez, as Executor of the Estate of Graciela Alfonso, and in his Individual Capacity, Plaintiff-Appellant,
v
352-54 West 48th Street Housing Development Fund Corporation, Defendant-Respondent.


Jonathan M. Landsman, New York, for appellant.
Boyd Richards Parker & Colonnelli, P.L., New York (Jacqueline L. Aiello of counsel), for respondent.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered January 10, 2020, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment dismissing various affirmative defenses, unanimously affirmed, without costs.
The motion court properly determined that plaintiff could not collaterally attack Appellate Term's finding in the appeal from a judgment in a holdover proceeding that defendant's rejection of plaintiff's applications to transfer the shares of an apartment was for legitimate reasons, including plaintiff's poor credit history and his unauthorized entrance into the apartment without permission (see 352-54 W. 48 St. Hous. Dev. Fund Corp. v Rodriguez, 41 Misc 3d 138[A] [App Term, 1st Dept 2013]). Plaintiff had a full and fair opportunity to litigate his claims relating to the April 2012 transfer application, including his claims under the New York State and City Human Rights Laws, in those proceedings (see generally O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
In any event, the court properly determined that in opposition to defendant's motion for summary judgment, plaintiff failed to demonstrate that issues of fact remained as to the nondiscriminatory reason for defendant's denial of the transfer application. The motion court properly rejected plaintiff's affidavit asserting that the reason was discriminatory, not financial, which contradicted his prior testimony (see e.g. Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]).
We have considered the remaining contentions, including defendants' requests for attorneys' fees, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021