McEachern v Extell Dev. Co. (2021 NY Slip Op 06093)





McEachern v Extell Dev. Co.


2021 NY Slip Op 06093


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 150704/15 Appeal No. 14583 Case No. 2020-02678 

[*1]James McEachern et al., Plaintiffs-Appellants,
v
Extell Development Company et al., Defendants-Respondents.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Malapero Prisco & Klauber LLP, New York (Stephanie Tebbett of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 11, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for summary judgment as to liability on the Labor Law § 240(1) claim against defendants Tishman Construction Corporation and Extell Development Company, unanimously modified, on the law, to grant plaintiffs' motion as to Tishman, and otherwise affirmed, without costs.
Plaintiff James McEachern (plaintiff) was injured when he attempted to gain access to the interior of a fuel tank room in a building under construction by stepping on an oil barrel to descend the four-foot distance between a hatch door and the floor of the room.
Plaintiffs made a prima facie showing that defendants did not provide adequate safety devices for gaining access to the fuel tank room, and in opposition defendants failed to raise an issue of fact. Because no safety devices were available to plaintiff for gaining access to the room, his attempt to use the oil barrel cannot be the sole proximate cause of his accident (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]; Vargara v SS 133 W. 21, LLC, 21 AD3d 279 [1st Dept 2005]). Plaintiff did not have an obligation to affirmatively request an adequate safety device (see Berisha v 209-219 Sullivan St. L.L.C., 156 AD3d 457 [1st Dept 2017]).
An issue of fact exists as to whether defendant Extell Development Company was an owner of the premises, since the Construction Management Agreement listed it along with another entity as owners.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021