Mena v 5 Beekman Prop. Owner LLC (2023 NY Slip Op 00161)

Mena v 5 Beekman Prop. Owner LLC

2023 NY Slip Op 00161

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 23506/13E, 43074/14E Appeal No. 17077-17078 Case No. 2021-03638, 2021-04598 

[*1]Heriberto Mena, Plaintiff-Appellant,
v
5 Beekman Property Owner LLC, et al., Defendants-Respondents.
5 Beekman Property Owner LLC, et al., Third-Party Plaintiffs-Respondents,
v
Everest Scaffolding Inc., Third-Party Defendant-Appellant, Smith Restoration, Inc., Third-Party Defendant-Respondent.

Ginarte Gallardo Gonzalez & Winograd LLP, New York (Timothy Norton of counsel), for Heriberto Mena, appellant.
Fuchs Rosenzweig PLLC, New York (Cheryl Fuchs of counsel), for Everest Scaffolding Inc., appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for Smith Restoration, Inc., respondent.

Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about September 7, 2021, which denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously reversed, on the law, without costs, and the motion granted as to liability on the Labor Law § 240(1) claim. Order, same court and Justice, entered on or about September 7, 2021, which denied third-party defendant Everest Scaffolding Inc.'s motion for summary judgment dismissing the third-party complaint and cross claims against it for contribution, common-law and contractual indemnification, and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant the motion dismissing the failure to procure insurance claim, and otherwise affirmed, without costs.
In this action in which plaintiff was power washing paint off a faÇade of a building while standing on a scaffold, and fell through a 48-inch gap between the scaffolding planks and the windows of the building, he established his entitlement to summary judgment as to his Labor Law § 240(1) claim. Plaintiff submitted his testimony that he was not provided with a harness or other safety device, and his expert's opinion that, even if a harness had been provided, there were no anchor points to tie off. Moreover, there is no dispute that defendants did not install any safety railings on the building side of the scaffolding (see Santos v Condo 124 LLC, 161 AD3d 650, 654 [1st Dept 2018]; Celaj v Cornell, 144 AD3d 590, 590 [1st Dept 2016]; Crespo v Triad, Inc., 294 AD2d 145, 146 [1st Dept 2002]). The deficiency in the expert's affidavit was a mere irregularity, not a fatal defect (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]).
In light of that holding, we need not address the Labor Law § 241(6) claim (see Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617, 617-618 [1st Dept 2014]).
We find that there is an issue of fact as to whether Everest negligently erected the scaffold. Therefore, the court properly denied its motion for summary judgment dismissing the third-party complaint and cross claims against it for contribution and common-law and contractual indemnification (see Pawlicki v 200 Park, L.P., 199 AD3d 578, 579 [1st Dept 2021]; McCarthy v Turner Constr., Inc., 17 NY3d 369 [2011]). However, Everest has produced evidence that it procured the required insurance, which defendants have not contested. Accordingly, that claim is dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023