**Tejeda v 57th & 6th Ground LLC**

2024 NY Slip Op 33160(U)

September 10, 2024

Supreme Court, New York County

Docket Number: Index No. 157783/2018

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                          PART                      47

*Justice*

------------------------------------------------------------------------------X

JUAN MIGUEL PRESINAL TEJEDA,                    **INDEX NO.**        157783/2018

                          Plaintiff,                            **MOTION DATE**     09/30/2022,
                                                                                    12/08/2022

                  - v -                                         **MOTION SEQ. NO.**   003 004

57TH & 6TH GROUND LLC., CARNAGIE HOUSE
TENNANTS CORPORATION, CA 114 PRINCE LLC F/K/A
CARNEGIE RETAIL LLC, GEORGETOWN 57, LLC, ASK          **DECISION + ORDER ON**
STANDARD TRANSIT CORP D/B/A BIKE RENTAL                       **MOTION**
CENTRAL PARK,

                          Defendants.

------------------------------------------------------------------------------X

57TH & 6TH GROUND LLC., CARNAGIE HOUSE TENNANTS         Third-Party
CORPORATION, GEORGETOWN 57, LLC                     Index No.  596011/2019

                          Plaintiffs,

                  -against-

ASEN KOSTADINOV, GO NEW YORK TOURS, INC.

                          Defendants.
------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 116, 117, 118, 119,
120, 121, 122, 123, 124, 125, 126, 127, 128, 152, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164,
179, 180, 181, 182, 183, 184, 185, 186, 187

were read on this motion to/for                          JUDGMENT - SUMMARY              .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 130, 131, 132, 133,
134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 153, 165, 166,
167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178

were read on this motion to/for                          JUDGMENT - SUMMARY              .

This is an action to recover damages for personal injuries allegedly sustained by a

customer service worker on July 14, 2018, when, while painting an interior wall and ceiling of a

**157783/2018   PRESINAL TEJEDA, JUAN MIGUEL vs. 57TH & 6TH GROUND LLC.**          **Page 1 of 14**
**Motion No.  003 004**

[* 1]

storefront located at located at 1391 6th Ave, New York, NY 10019 (the premises), he fell from a mobile baker's scaffold.

In motion sequence number 3, plaintiff Juan Miguel Presinal Tejeda moves, pursuant to CPLR § 3212, for summary judgment in his favor as to liability on his Labor Law §§ 240(1) and 241(6) claims against defendants 57th & 6th Ground LLC (Ground), Carnegie House Tennants Corporation (Carnegie), Georgetown 57 LLC (Georgetown 57), and ASK Standard Transit Corporation d/b/a Bike Rental Central Park (BRCP).

In motion sequence number 4, defendants/third-party plaintiffs[1] move, pursuant to CPLR § 3212, for summary judgment (i) dismissing plaintiff's Labor Law § 200 and common law negligence causes of action; (ii) on their cross-claims for contractual and common law indemnification and breach of contract against BRCP; (iii) on their third-party causes of action for contractual indemnification and breach of contract against third-party defendants Asen Kostadinov and Go New York Tours (Go Tours); and (iv) dismissing the crossclaims and counterclaims asserted against them for contractual and common law indemnification and contribution by BRCP and third-party defendants (MS #4).

The motions are consolidated for disposition.

## BACKGROUND

Georgetown 57 and Carnegie held leasehold interests in the premises, a commercial building owned by Ground (NYSCEF Doc No 125). On July 1, 2018, the ground floor of the premises was leased to BRCP for use as bike rental shop and tour sales office, where plaintiff's accident occurred (NYSCEF Doc No 126). The lease provided that BRCP (i) "shall indemnify, defend, and save harmless Owner, and The Georgetown Company, LLC against and from all

---

[1] For the purposes of this decision and order defendants/third-party plaintiffs" refers to Ground, Carnegie, and Georgetown 57.

liabilities, obligations, damages, penalties, claims, costs and expenses . . . incurred as a result of . . . the carelessness, negligence, or improper conduct of the Tenant, Tenant's agent, contractors, employees, invitees, or licensees" (*id.* § 8); and (ii) "agrees to secure and keep in force throughout the term of this Lease . . . General Liability Insurance with a minimum limit of liability not less than the amount $3,000,000.00 combined single limit" (*id.* § 47). The lease was guaranteed by Kostadinov and Go Tours (NYSCEF Doc No 144).

Plaintiff began working as a "customer service [] distributor" for BRCP in 2017 (NYSCEF Doc No 120, 28:9-16, 70:16-25 [plaintiff set customers up with bicycles to ride]). On July 14, 2018, however, plaintiff's bosses Didi and Pedro instructed him to paint the ceiling and walls of the premises (*id.*, 134:23-13, 145:18-146:9).[2] Pedro told plaintiff to climb up onto a baker's scaffold—which did not have guardrails—in order to reach the higher areas that needed painting; plaintiff refused multiple times because he was uncomfortable being high up, but Pedro insisted (*id.*, 145:7-17, 150:2-151:7; NYSCEF Doc No 124 [plaintiff testified that the platform was raised to the highest setting, marked by the "X"][3]).

Plaintiff saw that the scaffold's wheels were locked, although the brakes appeared to be "loose," and then climbed onto the platform (*id.*, 166:10-167:20). Plaintiff faced the wall as he painted it and kept extra paint behind him on the platform (*id.*, 170:23-25). After painting for some time, plaintiff stepped backwards to dip his brush in paint again, but accidentally stepped too far and fell off the platform and onto the floor (*id.*, 171:1-6). Among other injuries, plaintiff's head struck the floor, causing him to lose consciousness; his coworker Hector, who had been painting another wall in the store, helped him back up (*id.*, 169:6-15, 174:19-178:14).

---

[2] Plaintiff had never painted professionally but he told his employer he had experience because he had painted his own house once (*id.*, 307:5-16).
[3] Plaintiff estimated that the scaffold was "9 or 10 feet" high (NYSCEF Doc No 120, 315:15), however, BRCP submits the scaffold's specifications showing that the platform reaches to just over six feet (NYSCEF Doc No 163).

**157783/2018   PRESINAL TEJEDA, JUAN MIGUEL vs. 57TH & 6TH GROUND LLC.**          **Page 3 of 14**
 **Motion No.  003 004**

Plaintiff's causes of action against defendants are for common law negligence and violations of Labor Law §§ 200, 240(1) and 241(6) (NYSCEF Doc No 1). Across a third-party complaint and several answers, the parties (except for plaintiff) asserted claims against each other for contractual and common law indemnification, breach of contract, and contribution (NYSCEF Doc Nos 11, 12, 15, 61, 73). On July 25, 2019, all parties discontinued their claims against defendant CA 114 Prince LLC f/k/a Carnegie Retail LLC (NYSCEF Doc No 58).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339

[2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

i.    *Labor Law § 240(1) (MS #3)*

Labor Law § 240(1), also known as New York's "Scaffold Law," provides that all general contractors and owners "shall furnish [scaffolding] and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Labor Law § 240(1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation marks and citation omitted]). To prevail on a Labor Law § 240(1) cause of action, the plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his or her injuries (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). The legislative intent behind the statute is to place "ultimate responsibility for safety practices . . . where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985], *rearg denied* 65 NY2d 1054 [1985] [internal quotation marks and citations omitted]). Therefore, the statute should be liberally construed to achieve the purpose for which it was framed (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]).

Plaintiff relies on *Vergara v SS W. 21 LLC*, 21 AD3d 279 [1st Dept 2005] to argue that he is entitled to summary judgment on his Labor Law § 240(1) because he fell from a mobile scaffold without railings and the lack of railings proximately caused his fall (NYSCEF Doc Nos 118, 185). BRCP notes that while plaintiff claims the scaffold was "unstable," there is no evidence that it collapsed, slipped, fell, or otherwise malfunctioned—rather, it was plaintiff that fell when he misjudged the edge of the platform—and asserts that whether the scaffold provided proper protection for the task at hand is an issue of fact (NYSCEF Doc No 155). Defendants/ third-party plaintiffs similarly argue that plaintiff has not demonstrated that the scaffold was an inadequate safety device (NYSCEF Doc No 179). They submit the affidavit of Joseph J. McHugh, P.E., which suggests that "the subject scaffold was safe and adequate for the plaintiff to perform his work" and that it was plaintiff's own conduct, rather than the lack of safety rails, which caused his fall (NYSCEF Doc No 181).

Plaintiff is correct that *Vergara* is controlling. In *Vergara*, the plaintiff met his prima facie burden because "[t]here [was] no dispute that the six-foot-high, manually propelled scaffold, which plaintiff was directed to use in order to plaster a fifteen-foot-high ceiling, had no side rails, and no other protective device was provided to protect him from falling off the sides" (*Vergara*, 21 AD3d at 280; *Ordonez v One City Block, LLC*, 191 AD3d 412, 414 [1st Dept 2021] ["Plaintiffs established prima facie that defendants violated Labor Law § 240(1) and that the violation proximately caused plaintiff's injuries, as the uncontroverted evidence shows that the scaffold supplied to plaintiff . . . lacked guardrails and that no other protective devices were provided to protect him from falling"]; *Deschaine v Tricon Constr., LLC*, 187 AD3d 599 [1st Dept 2020]). Plaintiff has made the same showing here.[4] Notably, the Court of Appeals decision

_____

[4] The record is inconsistent as to the exact height of the scaffold at issue, but it appears to be comparable to those described in *Vergara*, *Ordonez*, and *Deschaine*.

[* 6]

BRCP relies on, *Holly v County of Chautauqua*, 13 NY3d 931 [2010], is distinguishable in that it involved a stationary scaffold, whereas here, the scaffold was mobile like those in *Vergara* and *Ordonez.*

BRCP also notes that plaintiff fell because he stepped over the side of the scaffold and not due to some defect of the scaffold. However, "[i]t does not matter whether plaintiff's fall was the result of the scaffold falling over, or its tipping, or was due to plaintiff mis-stepping off its side[; in] any of those circumstances, either defective or inadequate protective devices constituted a proximate cause of the accident" (*Vergara*, 21 AD3d at 280; *Isaac v 135 W. 52nd St. Owner LLC*, 221 AD3d 529, 530 [1st Dept 2023] [same]). Finally, "Defendant's expert's opinion that the lack of safety railings accorded with industry customs and regulations is irrelevant under Labor Law § 240 (1)" (*Celaj v Cornell*, 144 AD3d 590, 591 [1st Dept 2016]). Therefore, defendants have failed to raise an issue of fact to rebut plaintiff's prima facie showing that he is entitled to protection under the statute. Accordingly, the part of plaintiff's motion seeking summary judgment on his Labor Law § 240(1) cause of action will be granted.

   ii.     *Labor Law § 241(6) (MS #3)*

Labor Law § 241(6) provides that "[a]ll areas . . . shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the

defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

Plaintiff bases his Labor Law § 241(6) claim on defendants' violation of 12 NYCRR § 23-5.18(b), which provides that "[t]he platform of every manually-propelled mobile scaffold shall be provided with a safety railing constructed and installed in compliance with this Part (rule)" (NYSCEF Doc No 118). Defendants/third-party plaintiffs and BCRP assert that this provision of the Industrial Code does not apply to the scaffold at issue, which "stood at 6'3" at its top height," because 12 NYCRR § 23-5.1(j) exempts scaffolds under seven feet tall from the requirement of having railings (NYSCEF Doc Nos 179, 155). However, as plaintiff notes, it is well-settled that "code provisions specifically applicable to *manually propelled* scaffolds [including § 23-5.18(b)] require safety railings without reference to the height of the scaffold" (*Vergara*, 21 AD3d at 281 [emphasis added]; *Chong v 457 W. 22nd St. Tenants Corp.*, 144 AD3d 591, 592 [1st Dept 2016]; *Celaj*, 144 AD3d at 591). Plaintiff has thus established that defendants violated the relevant Industrial Code violation, and that violation was a proximate cause of his accident. BRCP's remaining arguments—that (i) summary judgment on the issue of its liability under the statute cannot be granted because there are questions of fact as to plaintiff's comparative negligence; (ii) NYCRR § 23-5.18(b) is preempted by federal law (i.e., OSHA standards); and (iii) plaintiff's interpretation of NYCRR § 23-5.18(b) amounts to an unconstitutional taking because it would ban baker's scaffolds (NYSCEF Doc No 155)—are without merit. Accordingly, the part of plaintiff's motion seeking summary judgment on his Labor Law § 241(6) cause of action will be granted.

*iii.*     *Labor Law § 200 and Common Law Negligence (MS #4)*

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1ˢᵗ Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides that worksites "shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]). "In order to prevail on such a claim, a plaintiff must prove that the party so charged had authority or control over the activity causing the injury, thus enabling it to avoid or correct an unsafe condition" (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1ˢᵗ Dept 2006]; *Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1ˢᵗ Dept 2022] [a contractor will not be held liable unless it had "authority to supervise or control the means and methods of plaintiff's work"]).

Defendants/third-party plaintiffs argue that plaintiff's Labor Law § 200 and common law negligence causes of action must be dismissed as against them because each of these three entities lacked the authority to supervise or control plaintiff's work (NYSCEF Doc No 131). This argument is supported by plaintiff's testimony that his work was only directed by other employees of BRCP (NYSCEF Doc No 145, 68:10-69:21, 134:23-136:23) and that he had never heard of defendants/third-party plaintiffs (*id.*, 389:5-14). Plaintiff has not opposed this argument. Accordingly, the part of defendants/third-party plaintiffs' motion for summary judgment seeking dismissal of plaintiff's Labor Law § 200 and common law negligence causes of action will be granted.

[* 9]

iv.     *Defendants/Third-Party Plaintiffs' Claims Against*
        *BRCP, Kostadinov and Go Tours (MS #4)*

Contractual Indemnification

"The right to contractual indemnification depends upon the specific language of the contract" (*Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255, 1255 [2nd Dept 2010]). "A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987], citing *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). "A contract assuming the duty to indemnify will be strictly construed" (*GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC*, 193 AD3d 435, 436 [1st Dept 2021]) "in light of the apparent objective of the parties" (*Williams v 100 Church Fee Owner, LLC*, 198 AD3d 590, 591 [1st Dept 2021]).

Defendants/third-party plaintiffs seek summary judgment on their causes of action for contractual indemnification based on the indemnity provision of the lease entered into by BRCP (NYSCEF Doc No 143 § 8) and the guaranty entered into by third-party defendants (NYSCEF Doc No 144). BRCP and third-party defendants do not dispute that they are contractually obligated to indemnify defendants/third-party plaintiffs against liabilities resulting from this action but assert that the contractual indemnification claims are premature because there has not yet been any finding of negligence in this case (NYSCEF Doc No 165 [relying on *Pena v Intergate Manhattan LLC*, 194 AD3d 576, 578 [1st Dept 2021] [finding motion for summary judgment on contractual indemnification claim was premature because "no finding ha[d] yet been made as to whether [the indemnitor or indemnitee] were negligent"]]). However, by this decision and order, defendants are deemed liable under Labor Law §§ 240(1) and 241(6);

[* 10]

therefore, the indemnity clause is triggered and the claim seeking coverage under it is not premature.

Defendants/third-party plaintiffs have therefore established BRCP's obligation (and third-party defendants' obligation as guarantors) to indemnify them in this action. Accordingly, the part of defendants/third-party plaintiffs' motion seeking summary judgment on their contractual indemnification claims will be granted.

Common Law Indemnification

"Common-law indemnification is predicated on vicarious liability without actual fault" on the part of the indemnitee (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [1st Dept 2006]). "To be entitled to common-law indemnification, a party must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work" (*Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]). Where there is no "liability, vicarious or otherwise, there is no basis for indemnification" (*Nieves-Hoque v 680 Broadway, LLC*, 99 AD3d 536, 537 [1st Dept 2012].

BRCP and third-party defendants argue, as they did with the contractual indemnification claim, that defendants/third-party plaintiffs' "motion for summary judgment on their [] claim for common-law indemnification [is] premature . . . [a]s no finding has yet been made as to whether [the indemnitor or indemnitee] were negligent" (*Pena*, 195 AD3d at 578). However, as noted *supra*, by this decision and order, defendants are determined to be liable for plaintiff's causes of action pursuant to Labor Law §§ 240(1) and 241(6) and therefore the claim is not premature. Additionally, defendants/third-party plaintiffs have demonstrated that they are being held vicariously liable, rather than directly liable, and that it was BRCP that "exercised actual

supervision or control over the injury-producing work" (*Naughton*, 94 AD3d at 10).

Accordingly, the part of defendants/third-party plaintiffs' motion seeking summary judgment on

their common law indemnification claims will be granted.

Breach of Contract

Defendants/third-party plaintiffs argue that BRCP breached its contract by failing to

procure general liability insurance with a limit of at least $3 million on their behalf as provided

under the lease (NYSCEF Doc No 143 § 47) and third-party defendants breached their contract

by failing to ensure that BRCP's lease obligations were satisfied as provided under the guaranty

(NYSCEF Doc No 144). BRCP disputes the claim that it did not procure the proper insurance

and submits its policy agreement with Atlantic Casualty, though it reflects an aggregate coverage

limit of $2 million (NYSCEF Doc No 167, p. 14), and its policy agreement with Travelers

Insurance, which only covers workers compensation and employer's liability (NYSCEF Doc No

168). BRCP has therefore failed to demonstrate that it complied with its contractual obligation to

procure the appropriate insurance. Accordingly, the part of defendants/third-party plaintiffs'

motion seeking summary judgment on its breach of contract cause of action for failure to procure

general liability insurance with coverage up to $3 million against BRCP and third-party

defendants will be granted.

    v.       *Crossclaims Asserted by BRCP, Kostadinov, and Go Tours (MS #4)*

BRCP's answer (NYSCEF Doc No 12) and third-party defendants' answer (NYSCEF

Doc No 73) assert crossclaims against defendants/third-party plaintiffs for contribution and

indemnification. As defendants/third-party plaintiffs note, these crossclaims are meritless

(NYSCEF Doc No 131) and BRCP and third-party defendants failed to provide support for the

claims, or even address them, in their opposing papers (NYSCEF Doc No 165). Accordingly, the

part of defendants/third-party plaintiffs' motion for summary judgment seeking dismissal of all crossclaims asserted against them by BRCP and third-party defendants will be granted.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment as to defendants' liability on his causes of action pursuant to Labor Law §§ 240(1) and 241(6) (MS #3) is granted in its entirety; and it is further

ORDERED that defendants/third-party plaintiffs' motion for summary judgment (i) dismissing plaintiff's Labor Law § 200 and common law negligence causes of action as against them, (ii) on their cross-claims for contractual and common law indemnification and breach of contract against defendant BRCP, (iii) on their third-party causes of action for contractual indemnification and breach of contract against third-party defendants, and (iv) dismissing the crossclaims and counterclaims asserted against them for contractual and common law indemnification and contribution by BRCP, Kostadinov, and Go Tours (MS #4) is granted in its entirety; and it is further

ORDERED that pursuant to the stipulation of discontinuance as to defendant CA 114 Prince LLC f/k/a Carnegie Retail LLC (NYSCEF Doc No 58), the caption in this matter is hereby amended as follows:

JUAN MIGUEL PRESINAL TEJEDA,

Plaintiff,

- v –

57TH & 6TH GROUND LLC., CARNAGIE HOUSE TENNANTS CORPORATION, GEORGETOWN 57, LLC, ASK STANDARD TRANSIT CORP D/B/A BIKE RENTAL CENTRAL PARK,

Defendants.

| 57TH & 6TH GROUND LLC., CARNAGIE HOUSE TENNANTS CORPORATION, GEORGETOWN 57, LLC | **Third-Party Index No. 596011/2019** |
|---|---|

Plaintiff,

-against-

ASEN KOSTADINOV, GO NEW YORK TOURS, INC.

Defendant.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

ORDERED that plaintiff shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240910123149PG0ETZI6DD9F9B072A7AE229464C4F96B131949

| **9/10/2024** | |
|---|---|
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 14]