Royland v McGovern & Co., LLC (2022 NY Slip Op 02214)





Royland v McGovern & Co., LLC


2022 NY Slip Op 02214


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 152015/13 Appeal No. 15621-15621A Case No. 2020-04819 

[*1]Jan Royland et al., Plaintiffs-Respondents,
v
McGovern & Company, LLC, et al., Defendants-Respondents-Appellants, Marshall's Moving Services, Inc., Defendant-Appellant-Respondent.
McGovern & Company, LLC, Third-Party Plaintiff-Respondent- Appellant.
v
Milford Flooring Corp., Third-Party Defendant.


Koster, Brady & Nagler LLP, New York (Jason J. Lavery of counsel), for appellant-respondent.
Law Office of James J. Toomey, New York (Evy Kazansky of counsel), for McGovern & Company, LLC, respondent-appellant.
Correia, King, Fodera, McGinnis & Liferiedge, New York (Kevin J. McGinnis of counsel), for Peragallo Pipe Organ Company, respondent-appellant.
Law Office of William A. Cerbone, Elmsford (William H. Rosvally of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about November 11, 2020, to the extent it granted plaintiff partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, denied defendant Marshall's Moving Services, Inc. summary judgment dismissing the complaint as against it, denied defendant/third-party plaintiff (McGovern) summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against it, granted McGovern summary judgment dismissing Marshall's cross claims against it for contribution and common-law indemnification, and denied McGovern summary judgment on its cross claim against Marshall's and defendant Peragallo Pipe Organ Company for contribution and common-law indemnification, and denied Peragallo summary judgment dismissing Marshall's cross claims against it for contribution, common-law indemnification, and contractual indemnification, unanimously modified, on the law, to grant McGovern summary judgment on its cross claims against Marshall's and Peragallo for common-law indemnification, and to grant Peragallo summary judgment dismissing Marshall's cross claim against it for contractual indemnification, and otherwise affirmed, without costs. Appeal by third-party defendant unanimously dismissed, without costs, as abandoned.
Plaintiff Jan Royland was pulling a floor buffing machine up a ramp placed over stairs when the top section of the three-part ramp came loose and slid down the other two sections, taking plaintiff and the buffing machine down to the sidewalk with it. The accident occurred on the front steps of a church undergoing renovation. The church had retained defendant McGovern as the general contractor on the renovation project, and McGovern had subcontracted plaintiff's employer, third-party defendant, for flooring work. The church had contracted with defendant Peragallo for the refurbishment of its pipe organ, and Peragallo had retained Marshall's to transport the pipe organ parts back to the church from Peragallo's warehouse. Marshall's constructed the ramp for the purpose of transporting the organ into the church.
As an initial matter, the court properly considered plaintiff's cross motion as against Peragallo, whose argument that the court erred in doing so appears to be based on a misreading of the court's order (see CPLR 2215). Further, although the cross motion was untimely, the issues raised in it are "nearly identical" to those raised in the timely motions filed by Marshall's and McGovern (see Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp, 161 AD3d 691, 692 [1st Dept 2018]). The issues of Peragallo's liability were closely intertwined with those of Marshall's liability.
Contrary to Marshall's argument, plaintiff was engaged in "construction work" at the time of the accident. His floor finishing work was part of his floor installation work, as well as part of the larger renovation project, and Marshall's attempt to isolate the activity in which plaintiff was involved [*2]at the moment of the incident ignores the general context of the work (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]).
The court correctly found that Peragallo and Marshall's may be held liable as "statutory agents" of the church (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 193 [1st Dept 2011]). The church delegated the duties of refurbishing and transporting the organ to Peragallo, and the contract between the church and Peragallo states that Peragallo "shall be responsible for and shall supervise and direct all the work." Peragallo then delegated the transport portion of its work to Marshall's, and the record demonstrates that Marshall's obtained the authority to supervise and control the delegated work, including the assembly of the ramp.
Marshall's contention that it owed no duty of care to plaintiff is unavailing. While its contractual relationship with Peragallo is alone insufficient to give rise to tort liability to plaintiff, a third party, Marshall's is subject to tort liability because it failed to exercise reasonable care in assembling the ramp, thereby launching an unreasonable instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]).
Plaintiff established prima facie defendants' liability for his accident under Labor Law § 240(1). The accident arose from an elevation-related hazard contemplated by the statute. Contrary to defendants' contentions, the ramp served as a "'tool'" to aid workers in transporting equipment up the stairway, and was not a "passageway" (see Foufana v City of New York, 211 AD2d 550, 550 [1st Dept 1995]), and the distance between the top of the stairs and the sidewalk was a "physically significant elevation differential" that posed a risk against which adequate protection was required (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
Defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident because it resulted from the absence of an adequate safety device (see Blake v Neighbor Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). In view of the foregoing, defendants' arguments in support of dismissing the Labor Law § 241(6) claim are academic (see McVicker v Port Auth. of New N.Y. & N.J., 195 AD3d 554, 555 [1st Dept 2021]).
McGovern demonstrated its entitlement to the dismissal of Marshall's cross claims against it for common-law indemnification and contribution by showing that it was free from negligence and only vicariously liable (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]). McGovern established that it had only general supervisory duties over the worksite (see Mendriski v New York City Hous. Auth., 189 AD3d 410 [1st Dept 2020]; Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc., 170 AD3d 509, 511 [1st Dept 2019]). Thus, it is also entitled to summary judgment on its common-law indemnification cross claims against Marshall's and Peragallo (see Fiorentino [*3]v Atlas Park LLC, 95 AD3d 424, 427 [1st Dept 2012]).
Peragallo is not entitled to the dismissal of Marshall's cross claims against it for contribution and common-law indemnification, because the evidence that it undertook to transport the pipe organ and that it helped Marshall's assemble the ramp presents issues of fact as to its negligence (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 585 [1st Dept 2021]). However, Marshall's cross claim against Peragallo for contractual indemnification should be dismissed because there is no written contract between these two parties (Higgins, 179 AD3d at 511).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022