Latteri v Port of Auth. of N.Y. & N.J. (2022 NY Slip Op 03324)





Latteri v Port of Auth. of N.Y. & N.J.


2022 NY Slip Op 03324


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 33226/18E Appeal No. 15973 Case No. 2021-03756 

[*1]William Latteri, Plaintiff-Respondent,
v
Port of Authority of New York and New Jersey, Defendant-Appellant.


McGivney Kluger Clark & Intoccia, P.C., New York (Mindy Kallus of counsel), for appellant.
Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 10, 2021, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and denied defendant's motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff mechanical technician used an enclosed crawl space ramp located beneath an AirTrain station escalator to reach an upper area of the escalator that needed repair. After plaintiff diagnosed the problem and walked back down the 15-foot underside ramp, which paralleled the slope of the escalator steps above, he slipped, and to avoid a fall from a height, grabbed an overhead metal truss, which act caused injury to his shoulder. The internal ramp lacked siderails for support. Based on this evidence, plaintiff established a prima facie claim under Labor Law § 240(1) (see generally Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]).
Defendant's argument that plaintiff's actions, including his decision not to wear a harness issued by his employer, were the sole proximate cause of his injury is unavailing. Defendant offered no evidence that tie off locations were available to utilize a harness where plaintiff was working, that it would have protected him from injury, that plaintiff knew he was supposed to use a harness when climbing the ramp, or that he disregarded specific instructions to wear a harness (see Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143, 1144 [1st Dept 2020], lv dismissed 36 NY3d 959 [2021]). The evidence shows that the internal sloped ramp plaintiff used to reach the mechanical parts of the escalator failed to provide proper protection and was poorly lit, and plaintiff's failure to use a harness amounts at most to comparative negligence, which is not a defense to a claim under Labor Law § 240(1) (id.).
Defendant's argument that plaintiff was engaged in routine maintenance in a nonconstruction or nonrenovation context, rather than a repair, is unpreserved.
Supreme Court dismissed the Labor Law § 200 and common-law negligence claims, and in light of the grant of summary judgment to plaintiff on the Labor Law §
240(1) claim, the Labor Law § 241(6) claim is academic (see Jerez v Tishman Constr. Corp. of N.Y., 118 AD3d 617 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022