Liu v Whitestar Consulting & Contr., Inc. (2023 NY Slip Op 04821)

Liu v Whitestar Consulting & Contr., Inc.

2023 NY Slip Op 04821

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 452625/15 Appeal No. 643 Case No. 2022-05774 

[*1]Noah Liu et al., Plaintiffs-Appellants,
v
Whitestar Consulting & Contracting, Inc., Defendant-Respondent, Safon LLC, et al., Defendants.
Whitestar Consulting & Contracting, Inc., Third-Party Plaintiff-Respondent,
v
JT Construction & Management Inc., Third-Party Defendant. [And A Second Third-Party Action]

William Schwitzer & Associates, P.C., New York (Christopher W. Drake of counsel), for appellants.
Cascone & Kluepfel, LLP, Farmingdale (Kyle R. Silverstein and Howard B. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 15, 2022, which, to the extent appealed from, granted the motion of defendants Safon LLC, Safon LLC doing business as The Moinian Group, Josephson LLC doing business as The Moinian Group (collectively, Moinian), Newmark & Co. Real Estate Inc. doing business as Newmark Grubb Knight Frank (collectively, Newmark) dismissing plaintiffs' claims as against them under Labor Law § 240(1), Labor Law § 200, and common-law negligence; granted defendant Whitestar Consulting & Contracting, Inc.'s motion to dismiss plaintiffs' claim as against it under Labor Law § 240(1); and denied so much of plaintiffs' cross-motion seeking summary judgment on their Labor Law §§ 240(1) and 200 and common-law negligence claims against defendants, unanimously modified, on the law, to deny Moinian's, Newmark's and Whitestar's motions to dismiss plaintiffs' Labor Law § 240(1) claim and grant plaintiffs' cross-motion for summary judgment as to liability on that claim as against Moinian, Newmark, and Whitestar, and otherwise affirmed, without costs.
Injured plaintiff Noah Liu was working at defendants' construction site when he fell 20 to 25 feet down an unguarded temporary plywood ramp that had been constructed over one of the building's staircases so that workers could move materials.
Plaintiffs established prima facie that they were entitled to summary judgment on their Labor Law § 240(1) claim by submitting evidence that the ramp was a device being used for the construction work, spanned a significant height differential, and did not have any safety devices to prevent workers from inadvertently falling off it (see Hoyos v NY-1095 Avenue of the Americans, LLC, 156 AD3d 491, 493 [1st Dept 2017]; Serpe v Eyris Prods., 243 AD2d 375, 377 [1st Dept 1997]). These facts are sufficient to conclude that Labor Law § 240(1) applies to the injured plaintiff's accident (see e.g. Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017]; Royland v McGovern & Co., LLC, 203 AD3d 677, 679 [1st Dept 2022]). In opposition, defendants proffered no evidence sufficient to raise a triable issue of fact.
That the ramp was not intended to be used as a substitute for a ladder or scaffold, but rather was used to transport materials, is of no moment. Whether an accident involving a ramp is encompassed by Labor Law § 240(1) turns on a number of factors, the primary one being whether the ramp covered a significant elevation differential (compare Latteri v Port of Auth. of New York & New Jersey, 205 AD3d 546, 546 [1st Dept 2022] [internal sloped ramp the plaintiff used to reach the mechanical parts of the escalator failed to provide proper protection where there were no rails or guards] with Jackson v Hunter Roberts Constr. Grp., LLC, 161 AD3d 666, 666-667 [1st Dept 2018] ["The height differential of 6 to 10 inches mediated by the [makeshift wooden] ramp did not constitute a physically significant elevation differential [*2]covered by the statute"]). Here, as noted, the height differential from the top of the ramp to the ground was 20 to 25 feet.
In light of our determination on the Labor Law § 240(1) claim, defendants' arguments regarding the claim for negligence and the claims under Labor Law § 200 are academic (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 588-589 [1st Dept 2021]; Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023