Knight v Amman & Whitney, Inc. (2023 NY Slip Op 06215)

Knight v Amman & Whitney, Inc.

2023 NY Slip Op 06215

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 23614/17E Appeal No. 926 Case No. 2022-05044 

[*1]Clayton Knight, Plaintiff-Respondent,
v
Amman & Whitney, Inc., et al., Defendants-Appellants, Triumph Construction Corp., Defendant.

McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for appellants.
The Grandelli Firm, New York (Leigh D. Eskenasi of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 14, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Amman & Whitney, Inc.'s motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims and, upon a search of the record, granted plaintiff summary judgment as to liability on the Labor Law § 240(1) claim, unanimously modified, on the law, to vacate the award of summary judgment to plaintiff on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
In March 2016, the New York City Department of Environmental Protection (DEP) was called to the worksite of an ongoing roadway reconstruction project to test DEP-owned water main valves in advance of work related to water infrastructure. Defendant Amman & Whitney, Inc. (Amman) was the consulting engineer for the worksite. Plaintiff, a colleague, and his supervisor, all employees of DEP, reported to the site for the sole purpose of testing the water main valves and "gates." The testing required plaintiff and his colleague to turn a six-foot water main gate key and determine whether the water main gate was open or closed.
Plaintiff testified that he was injured when the water main gate key he was attempting to turn popped off an operating nut, knocking him off balance. Plaintiff did not fall, but he stated that he was injured in the exertion required to regain his balance and stable footing.
With respect to plaintiff's claim under Labor Law § 240(1), Amman's only argument on appeal is that plaintiff's work is not covered by the statute. Although plaintiff testified that the testing involved stepping into an excavation, an Amman engineer testified that plaintiff and his colleague were turning the water main gate key while standing at street level. Given the competing testimony between plaintiff and the engineer regarding the nature of plaintiff's activity at the site, the record presents triable issues as to whether plaintiff was engaged in work covered by Labor Law § 240(1) (see e.g. Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]; Royland v McGovern & Co., LLC, 203 AD3d 677, 678 [1st Dept 2022]) or "routine activit[y] . . . outside the scope of the statute" (Joblon v Solow, 91 NY2d 457, 465 [1998]; see Saint v Syracuse Supply Co., 25 NY3d 117, 125 [2015]).
The motion court therefore properly declined to dismiss plaintiff's Labor Law § 240(1) claim but erred in searching the record and granting summary judgment to plaintiff. The motion court similarly properly declined to dismiss plaintiff's Labor Law § 241(6) claim because there was a question of fact as to whether plaintiff was performing covered work at the time of his accident.
We decline to consider plaintiff's challenge to the court's grant of summary judgment to defendant on the Labor Law § 200 claim since plaintiff did not perfect its appeal on that issue.
We have considered the parties' remaining arguments and find [*2]them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023