| |
|---|
| **Harkins v Sciame Constr., LLC** |
| 2024 NY Slip Op 30896(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152549/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART 47

---------------------------------------------------------------------------X

KEVIN HARKINS,

Plaintiff,

- v -

SCIAME CONSTRUCTION, LLC, PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, LOWER MANHATTAN
DEVELOPMENT CORPORATION,

Defendants.

---------------------------------------------------------------------------X

INDEX NO. 152549/2021

MOTION DATE 10/13/2023

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for _____ PARTIAL SUMMARY JUDGMENT _____.

In this Labor Law personal injury action arising out of plaintiff's fall from an extension ladder while working on the Perelman Performing Arts Center, plaintiff moves for partial summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) claims as against defendants Sciame Construction, LLC (Sciame) and the Port Authority of New York and New Jersey (the Port Authority).

## BACKGROUND

The Perelman Performing Arts Center, located at 251 Fulton Street, New York, NY 10007 (the premises), is owned by the Port Authority. On October 20, 2017, the Port Authority (through its subsidiary, the World Trade Center Performing Arts Center Inc.) hired Sciame as its general contractor for the construction of a building at the premises (NYSCEF Doc No 56). On February 14, 2019, Sciame hired plaintiff's employer, Long Island Concrete, Inc., as a sub-contractor (*id.*). Plaintiff, a union carpenter specializing in building concrete forms, had been a

152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC
Motion No.  001

Page 1 of 7

carpenter for approximately 30 years before his accident (NYSCEF Doc No 51, 16:21-18:14, 28:24-25).

Plaintiff's Deposition Testimony

On August 3, 2020, plaintiff was equipped with a harness, safety goggles, and a hard hat and was directed to work on a section of wall that needed additional concrete (*id.*, 30:16-25, 37:5-38:6). This required plaintiff to work from a scaffold, which was suspended approximately 15 feet above a hole in the floor below, containing garbage, broken concrete, and other debris (*id.*, 44:3-22). One side of the scaffold was bolted to the wall plaintiff was working on, while the other three sides had railings (*id.*, 41:23-42:2). Though plaintiff was wearing his safety harness, it was not "tied off," i.e., secured by attachment to a stationary object (*id.*, 47:9-13 ["When there is [sic] railings, you don't need to tie off"]). Plaintiff's partner that day, Sean White, who was also on the scaffold, dropped a tool into the hole below (*id.*, 48:11-12). Plaintiff went to retrieve it by using a pre-placed ladder extending from the scaffold to the floor below (*id.*, 48:23-49:6 ["Q. When had that ladder been placed there? A. I have no idea."]). The ladder was not connected to the scaffold; rather, it leaned against the wall opposite of the one plaintiff was working on (*id.*, 49:21-54:11).[1] To access the ladder, plaintiff stepped between the top and lower rails of the back of the scaffold and stepped onto the ladder, which was about a foot away from the scaffold's platform's edge (*id.*, 51:6-52:5, 54:12-17). Plaintiff accessed and descended the ladder, retrieved the tool from the lower floor, and climbed back up without any issues (*id.*, 50:10-24, 55:16-57:2). Once back at the top of the ladder, he turned towards the right, reached

---

[1] Plaintiff's statement of material facts asserts that the top end of the ladder was not tied off (NYSCEF Doc No 45 ¶ 18) but in his deposition, he appears less certain (NYSCEF Doc No 51, 50:5-7 [when asked if the ladder was tied off, plaintiff responded, "[n]o, not that I recall. Anyway, I don't remember it being tied off"]). Sean White could not recall if the top end of the ladder was tied off but speculated that it was unlikely since it slipped out from under plaintiff (NYSCEF Doc No 52, 32:20-33:10). Anthony Primiani, Sciame's assistant vice president of field operations, also did not know whether the ladder was tied off (NYSCEF Doc No 53, 137:4-9).

**152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC**                                    Page 2 of 7
**Motion No.  001**

2 of 7

[* 2]

his right arm toward the scaffold railing, and lifted his right foot with the intention of stepping back onto the scaffold (*id.*, 56:25-59:13). At that moment, the ladder slid to the right, and plaintiff fell to the lower floor, falling on his back (*id.*, 59:15-60:11).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC
Motion No.  001
Page 3 of 7

3 of 7

Labor Law § 240(1)

Labor Law § 240, known as New York's "Scaffold Law," imposes a non-delegable duty on "[a]ll contractors and owners and their agents [to] furnish or erect . . . braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." (Labor Law § 240[1]). "To prevail on a Labor Law § 240 (1) claim, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of the injury" (*Cutaia v Bd. of Mgrs. of the 160/170 Varick St. Condo.*, 38 NY3d 1037, 1042-43 [2022]). The protections of this section "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Rather, the injury must be "attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against" (*Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001]).

Plaintiff argues that the Port Authority, as owner of the premises, and Sciame, as the general contractor on the project, are absolutely liable as a matter of law because plaintiff fell from an unsecured ladder and he was not provided with any safety device that would have prevented his fall (NYSCEF Doc No 46). Sciame and the Port Authority argue, in essence, that there is a material issue of fact as to whether plaintiff was the sole proximate cause of his accident because he had not tied off the harness made available to him when he fell, and because he did not secure the ladder or ask his partner to hold it steady for him (NYSCEF Doc No 67).

Sciame and the Port Authority's argument was asserted by the defendants in *Melendez v 1595 Broadway LLC*, 214 AD3d 600 [1st Dept 2023], and was rejected:

> In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Because the ladder was set up for use by another worker, any failure by plaintiff to check its locking mechanism or to ascertain

**152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC**
**Motion No.  001**

**Page 4 of 7**

4 of 7

that it was tied off amounts to comparative negligence, a defense inapplicable to a Labor Law § 240(1) claim. The fact that plaintiff unhooked his harness before descending the ladder is insufficient to raise an issue of fact, in the absence of evidence that anchorage points were available for his use on his descent. Plaintiff's failure to ask his coworkers to hold the ladder while he worked also did not constitute the sole proximate cause of the accident, since a coworker is not a safety device contemplated by the statute.

*Id.* at 601-02 [internal citations and quotation marks omitted]. Here, Sciame and the Port Authority similarly fail to demonstrate that plaintiff was a recalcitrant worker because: they did not establish the existence of an anchorage point for the harness when plaintiff switched over to the ladder; the ladder was pre-placed by someone other than plaintiff; plaintiff's failure to ensure that the ladder was tied off would amount to comparative negligence; and plaintiff's failure to ask his coworker to hold the ladder steady was not the sole proximate cause of the accident. See also *Latteri v Port of Auth. of N.Y. & N.J.*, 205 AD3d 546, 546 [1st Dept 2022] ["Defendant's argument that plaintiff's actions, including his decision not to wear a harness issued by his employer, were the sole proximate cause of his injury is unavailing. Defendant offered no evidence that tie off locations were available to utilize a harness where plaintiff was working"]; *Garcia v Church of St. Joseph of the Holy Family of the City of N.Y.*, 146 AD3d 524, 526 [1st Dept 2017].

Plaintiff has established that he fell from a significant height due to the inadequate safety devices provided to him, and Sciame and the Port Authority have failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his fall. Accordingly, the part of plaintiff's motion seeking summary judgment on the issue of liability on his Labor Law § 240(1) claim will be granted.

**152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC**
**Motion No.  001**

**Page 5 of 7**

5 of 7

Labor Law § 241(6)

Labor Law § 241(6) provides, in relevant part: "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." A Labor Law § 241 claim must be rooted in an alleged violation of a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

Plaintiff asserts that Sciame and the Port Authority violated New York State Industrial Code § 23-1.21(b)(4)(iv), which provides that "[w]hen work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or mechanical means," and that this violation was a substantial factor in causing plaintiff's accident (NYSCEF Doc No 46). Sciame and the Port Authority do not refute the height at which the work was performed or that no one was at the foot of the ladder to hold it stationary, but they argue that material issues of fact remain as to whether the upper end of the ladder was secured at the time of the accident (NYSCEF Doc No 67).

Sciame and the Port Authority fail to raise a material issue of fact. There is some ambiguity in the deposition testimony of plaintiff, Sean White, and Anthony Primiani as to whether the top end of the ladder was tied off (NYSCEF Doc Nos 51, 50:5-7 [when asked if the ladder was tied off, plaintiff responded, "[n]o, not that I recall. Anyway, I don't remember it being tied off"]; 52, 32:20-33:10 [Sean White stating that he could not remember if the ladder was tied off but speculating that it was unlikely since it slid out from under plaintiff]; 53, 137:4-9 [Anthony Primiani did not know if the ladder had been tied off]; 53, 132:22-134:17 [Anthony

**152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC**
**Motion No. 001**

**Page 6 of 7**

[* 6]

6 of 7

Primiani identifying a piece of wood to which the ladder might have been tied, if at all]).

However, Industrial Code § 23-1.21(b)(4)(iv) does not only require a ladder to be tied off; it also

requires that it be "secured against side slip." Thus, even if the ladder was tied off, it was not

adequately secured by the standards of the Industrial Code, as evidenced by plaintiff's

uncontroverted testimony that it slipped sideways from under him. Accordingly, in this absence

of any issue of material fact, the part of plaintiff's motion seeking summary judgment on the

issue of liability on his Labor Law § 241(6) claim will be granted.

## CONCLUSION

Accordingly, it is

ORDERED that plaintiff's motion seeking summary judgment on the issue of liability on

his Labor Law §§ 240(1) and 241(6) claims as against Sciame and the Port Authority is granted.

20240319155054PG0ETZIA3538C53D95043F79871330BD1475A2D

| 3/19/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152549/2021   HARKINS, KEVIN vs. SCIAME CONSTRUCTION, LLC
Motion No.  001

Page 7 of 7

7 of 7

[* 7]