Travalja v 135 W. 52nd St. Owner LLC (2024 NY Slip Op 05780)

Travalja v 135 W. 52nd St. Owner LLC

2024 NY Slip Op 05780

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 153366/17 Appeal No. 3070 Case No. 2023-06382 

[*1]Alexis Travalja, Plaintiff-Respondent,
v
135 West 52nd Street Owner LLC, et al., Defendants-Appellants, CR Safety and Construction, et al., Defendants-Respondents, Safety Squad, Inc., Defendant.

135 West 52nd Street Owner LLC, et al., Third-Party Plaintiffs-Appellants,
v
Crowne Architectural Systems, Inc., Third-Party Defendant-Respondent.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Nicholas R. Napoli of counsel), for appellants.
The Perecman Firm, P.L.L.C., New York (Steven B. Dorfman of counsel), for Alexis Travalja, respondent.
Barker Patterson & Nichols, LLP, Valhalla (Adonaid C. Medina of counsel), for Crowne Architectural Systems, Inc., respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered July 29, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims as against defendants 135 West 52nd Street Owner, LLC (Owner) and New Line Structures, Inc. (New Line), denied the cross-motion of defendants Owner, New Line, and the Chetrit Group, LLC (Chetrit) (collectively appellants) for summary judgment dismissing those claims as against them, denied New Line's cross-motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, and denied appellants' cross-motion for summary judgment on their contractual and common-law indemnification claims against third-party defendant Crowne Architectural Systems, Inc. (Crowne), unanimously modified, on the law, to the extent of granting Chetrit's motion for summary judgment dismissing the complaint as against it, and to grant contractual indemnification to Owner and Chetrit and conditional contractual indemnification to New Line, and otherwise affirmed, without costs.
Decedent Bruno Travalja, the owner of Crowne, was working on the 47th-floor roof of Owner's building as part of a renovation project managed by New Line. While examining an issue with the drainage near the edge of the north side of the roof, decedent fell over the approximately 18-inch-high parapet wall and plunged 46 stories to his death.
As plaintiff does not contest, Chetrit was not an owner of the building nor a statutory agent. Therefore, Chetrit cannot be held liable for decedent's death, as it was not a proper Labor Law defendant (see Otero v 635 Owner LLC, 210 AD3d 435, 437 [1st Dept 2022]).
Plaintiff established prima facie entitlement to judgment as a matter of law on the Labor Law § 240(1) claim (see Mena v 5 Beekman Prop. Owner LLC, 212 AD3d 466, 467 [1st Dept 2023]). A Crowne employee who witnessed the accident testified that decedent was wearing a safety harness, but there were no proper tie-offs, lifelines, or rope grabs on the roof where he fell. This testimony was not refuted by any of appellants' witnesses, who agreed that photos taken after the incident did not depict any anchor points for safety harnesses or other fall protection equipment. Plaintiff's expert reviewed the deposition testimony, photos, accident reports, and official documents, and he concluded that the lack of adequate safety devices proximately caused the accident.
In opposition, appellants failed to raise a triable issue of fact as to whether decedent knew that proper tie-offs for his safety harness were available but chose not to use them for no good reason (see Latteri v Port of Auth. of N.Y. & N.J., 205 AD3d 546 [1st Dept 2022]). Appellants did not proffer any evidence of the availability of anchor points, lifelines, or rope grabs at the time and in the area where decedent fell (see Miglionico v Bovis Lend Lease, Inc., 47 AD3d [*2]561, 565 [1st Dept 2008]). Although appellants contend that warning signs posted on the roof doors instructed decedent to tie off his safety harness, the Crowne witness testified that he never saw any signs before the accident. Even if decedent saw warning signs, "an instruction . . . to avoid . . . engaging in unsafe practices is not itself a 'safety device'" (Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]).
In light of the grant of plaintiff's motion for partial summary judgment on liability, appellants' arguments regarding plaintiff's claims under Labor Law § 241(6) are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
The court properly denied New Line's cross-motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it, since New Line failed to establish that it lacked notice of a defective condition of the premises causing decedent's fall (see Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539 [1st Dept 2018]; Giuffrida v Metro N. Commuter R.R. Co., 279 AD2d 403, 404 [1st Dept 2001]). A New Line employee testified that he regularly visited the roof and was aware that the low parapet wall and the lack of a guardrail presented a potential falling hazard, and another witness testified that a different New Line employee was present on the roof and observing the area at the time decedent fell.
The contract between New Line and Crowne contains an indemnification provision with a broad performance-of-the-work clause, which was triggered because decedent fell while engaged in Crowne's contracted work (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]). However, a contractual indemnitee must "establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). In light of the issue of fact as to New Line's negligence, New Line is "conditionally entitled to contractual indemnification to the extent the accident was not caused by [its] own negligence" (Gonzalez v G. Fazio Constr. Co., Inc., 176 AD3d 610, 611 [1st Dept 2019]). Owner and Chetrit are unconditionally entitled to contractual indemnification, since any liability of those defendants is "purely vicarious" (Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 464 [1st Dept 2014]).
The court properly denied appellants' motion for summary judgment on their common-law indemnification claims as premature, as no findings have been made yet as to Crowne's negligence (see Pena v Intergate Manhattan LLC, 194 AD3d 576, 578 [1st Dept 2021]). In any event, New Line failed to establish its freedom from negligence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024