**Altamirano v Frick Collection**

2025 NY Slip Op 31559(U)

April 30, 2025

Supreme Court, New York County

Docket Number: Index No. 156167/2022

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARTHUR F. ENGORON**                    PART            **37**

*Justice*

-----------------------------------------------------------------------X

SEGUNDO ALTAMIRANO,

                               Plaintiff,

                    - v -

FRICK COLLECTION, SCIAME CONSTRUCTION, LLC,

                         Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156167/2022 |
| MOTION DATE | 12/05/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42,

were read on this motion for                  PARTIAL SUMMARY JUDGMENT     .

Upon the foregoing documents, and for the reasons set forth below, plaintiff's motion for partial summary judgment is granted.

Background

Defendant, Frick Collection ("Frick"), is the owner of the building located at 1 East 70th Street, New York NY 10021 (the "Building"). NYSCEF Doc. No. 1. Prior to 2022, Frick contracted non-party Breeze National Inc. ("Breeze") to engage in a construction project to repair, alter, clean, renovate, construct and/or maintain the Building (the "Project"). NYSCEF Doc. No. 1.

The instant action arises from an alleged January 6, 2022, accident in which plaintiff, Segundo Altamirano, an employee of Breeze, was pushing a cart down a makeshift ramp at the Building and fell into an excavation pit. On July 25, 2022, plaintiff filed a verified complaint against Frick. Id. On September 14, 2022, plaintiff amended his verified complaint, adding the Project's general contractor, Sciame Construction, LLC ("Sciame") as a co-defendant. NYSCEF Doc. No. 10.

Plaintiff alleges that he was injured while performing his assigned construction and demolition work duties, which included "manually handling and maneuvering a significantly heavy container of cement on an unsecured, unguarded and unsafe ramp." Id. Plaintiff further alleges, inter alia, that defendants failed to provide him with a safe place to work and that in causing and/or permitting unsafe conditions to exist, defendants violated New York Labor Law § 240(1) and § 241(6). Id.

On October 27, 2022, defendants filed a verified answer, admitting that: Sciame entered into a contract with Breeze to perform certain work and/or services at the Building; Frick is a domestic New York not-for-profit corporation; Sciame is a New York LLC; both Frick and Sciame maintain offices in New York; and Frick owns the Building. NYSCEF Doc. No. 14.

Excluding the aforementioned admissions, defendants issued a general denial and asserted 11 affirmative defenses, including, inter alia that: plaintiff's claims are meritless, frivolous and warrant dismissal; at the time and place mentioned, defendants were not guilty of any negligence that was a proximate cause of the alleged accident, injuries and damages of any other party; defendants violated no legal duty owing by them to any other party; other parties were guilty of comparative negligence of a greater degree than the negligence of the defendants, which is denied; the alleged damages sustained are the proximate result of the acts and/or omissions of parties over which the defendants exercised no control. Id.

On March 15, 2024, plaintiff appeared for a deposition. NYSCEF Doc. No. 30. Plaintiff estimates that the ramp "was about 9 to 10 feet long and about 2 feet wide" and that the distance from the ramp to the excavation pit was "around 6 feet." Id. On May 22, 2024, defendants produced Sandra M. Torres, Sciame's Assistant Superintendent for a deposition. NYSCEF Doc. No. 32.

On December 5, 2024, plaintiff moved for partial summary judgment against defendants on liability, seeking a declaration that: (1) defendants violated Labor Law § 240(1), which proximately caused plaintiff's injuries; (2) defendants violated Labor Law § 241(6) and New York State Industrial Code, which proximately caused plaintiff's injuries; and (3) setting this matter down for an immediate trial on damages. NYSCEF Doc. No. 22.

In support of the motion, plaintiff attests that during the demolition phase of the Project, he and "his co-workers were tasked with moving a mini container of demolition debris from one sub-cellar level down to another" and that Sciame instructed Breeze to construct a ramp "to make the transition." NYSCEF Doc. No. 23. Plaintiff alleges that he was injured when his co-worker lost control of a mini container as they were moving it down the ramp, and that the ramp did not have a guardrail to prevent plaintiff "from losing his balance and falling into a 6-foot-deep excavation pit." Id. Plaintiff attests that he did not construct the ramp and that he had complained to his foreman about the ramp. Id.

Plaintiff notes that Labor Law § 240(1) is applicable to defendants as, Frick and Sciame are owner and contractor engaged in demolition. Id. Plaintiff argues that since he was exposed to a significant elevation differential for which defendants allegedly failed to provide any protection (much less sufficient protection), he has established their violation of Labor Law § 240(1). Further, plaintiff argues he has demonstrated that he was not the sole cause of his injuries, and notes that comparative fault is not a defense to liability under § 240(1). Id.

Plaintiff points out that defendants' witness, Torres, conceded in her deposition that the ramp, constructed by Breeze, was intended to be constructed with a guardrail. NYSCEF Doc. No. 32 at Page 31. As the ramp was built narrowly at approximately 2 feet wide (NYSCEF Doc. Nos. 30, 31), plaintiff alleges that defendants violated Industrial Code regulations 12 NYCRR § 23-1.22(3), which requires that ramps constructed for the use of hand carts "shall be at least 48 inches in width." Additionally, plaintiff alleges that defendants violated 12 NYCRR § 23-1.7(b), which requires in part that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)." Plaintiff alleges that such Industrial Code

156167/2022  ALTAMIRANO, SEGUNDO vs. FRICK COLLECTION ET AL
Motion No. 001

Page 2 of 5

violations proximately caused his subsequent fall and injuries, and therefore, that defendants are liable under § 241(6). NYSCEF Doc. No. 23.

In opposition, defendants contend, inter alia, that there are questions of fact as to whether: plaintiff was the sole proximate cause of his accident; the accident was not sufficiently elevation-related to fall within § 240(1)'s scope; and the ramp's height was de minimus. NYSCEF Doc. No. 38. Defendants argue that plaintiff's § 241(6) cause of action must be dismissed, as there is no showing that a violation of a safety regulation promulgated pursuant to § 241(6) was the proximate cause of the accident. Id.

Defendants note that plaintiff has not submitted expert affidavits or measurements describing the ramp from which he fell, and that photographs show that the ramp appears to be small and low to the floor. Id. Defendants contend that plaintiff's co-worker "simply became scared and lost control of the cart and let go of it causing it to tip over." Id. Further, plaintiff has admitted that "he (over) loaded the cart himself so that it was too heavy to control while descending the ramp causing his co-worker to panic and let go of the cart." Id.

Defendants assert that the Industrial Code violations alleged are inapplicable to the facts of this case as a matter of law, including that § 23-1.7(b) "does not apply as covering an excavation pit while it is being excavated would obviously make the work impossible." Id.

In reply, plaintiff argues, inter alia, that the height of the ramp is not de minimus, as Torres estimated the height of the ramp at 3 feet above the bottom of the trench. NYSCEF Doc. No. 41. Plaintiff cites Arrasti v HRH Const. LLC, 60 AD3d 582 (1st Dept 2009), for the proposition that the First Department has held that falls from as little as 18 inches will subject an owner or contractor to liability for a violation of § 240(1). Plaintiff describes defendants' argument that the impetus for his fall was that the cart went out of control as irrelevant. In particular, plaintiff argues that regardless of why he fell off the side of the ramp, his fall was due to the fact that there was no railing: ("A lack of certainty as to exactly what preceded plaintiff's fall to the floor below does not create a material issue of fact here as to proximate cause."). Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 (1st Dept 2005).

Plaintiff contends that even if covering the excavation pit completely was impossible, it was possible to put a railing along the edge of the pit where the ramp was located, as the Industrial Code requires.

Discussion
"Labor Law § 240(1) imposes a non-delegable duty upon the owner and contractor to supply necessary security devices for workers at an elevation, to protect them from falling." Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 (1st Dept 2005). "That the ramp was not intended to be used as a substitute for a ladder or scaffold, but rather was used to transport materials, is of no moment. Whether an accident involving a ramp is encompassed by Labor Law § 240 (1) turns on a number of factors, the primary one being whether the ramp covered a significant elevation differential." Liu v Whitestar Consulting & Contr., Inc., 219 AD3d 1249, 1250 (1st Dept 2023). "Violation of the statute alone is not enough; plaintiff is obligated to show that the violation was

a contributing cause of his fall." Blake v Neighborhood Hous. Serv. of New York City, Inc., 1 NY3d 280, 287 (2003). Contributory negligence is not a defense. Id.

Owners and contractors also have a non-delegable duty under Labor Law § 241(6), which reads in part "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." "It is well settled that in order to prevail under this section of the Labor Law, a plaintiff must establish that certain 'concrete specifications' of the Industrial Code were violated as opposed to a general reiteration of common-law principles. Moreover, a plaintiff must demonstrate that the violation was a proximate cause of the injury." Padilla v Frances Schervier Hous. Dev. Fund Corp., 303 AD2d 194, 196 (1st Dept 2003).

Pursuant to CPLR 3212, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985). Once that burden is met, the opponent must tender evidence in admissible form "sufficient to require a trial of material questions of fact on which he rests his claim …mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient." Zuckerman v City of New York, 49 NY2d 447, 562 (1980).

This Court finds that defendants' opposition fails to raise any triable issues of material fact.

Here, plaintiff has demonstrated a prima facie entitlement to summary judgment on defendants' liability pursuant to Labor Law § 240(1) by submitting evidence that the ramp was a device being used for construction work, spanned a significant height differential, and did not have a guardrail or other safety device to prevent workers from inadvertently falling off it into the excavation pit. These facts are sufficient to demonstrate that defendants are liable under Labor Law § 240 (1) and that defendants' failure to equip the ramp with a guardrail was a proximate cause of plaintiff's injuries.

Plaintiff has also demonstrated a prima facie entitlement to summary judgment on defendants' liability pursuant to Labor Law § 241(6) by submitting evidence that the following concrete specifications of the Industrial Code were violated: 12 NYCRR § 23-1.22(3), in that the subject ramp, being approximately 2 feet, was too narrow, as the requirement for ramps constructed for the use of hand carts is "at least 48 inches in width"; and 12 NYCRR § 23-1.7(b), by failing to have a safety railing constructed and installed on the side of the ramp traversing the excavation pit, which is a hazardous opening into which a person may fall. Such violations by defendants were a proximate cause of plaintiff's fall and resulting injuries.

The various disputes about the exact measurements of the worksite are small, and in any event, are immaterial, and therefore irrelevant on this partial summary judgment motion.

This Court has considered defendants' other arguments and finds them to be unavailing and/or non-dispositive.

156167/2022  ALTAMIRANO, SEGUNDO vs. FRICK COLLECTION ET AL
Motion No. 001

Page 4 of 5

[* 4]

Conclusion

Thus, the motion of plaintiff, Segundo Altamirano, for partial summary judgment is granted, and the Clerk is hereby directed to enter a judgment on liability declaring that defendants, Frick Collection and Sciame Construction, LLC, violated Labor Law § 240(1) and § 241(6) and proximately caused plaintiff's January 6, 2022, accident.

HON. ARTHUR F. ENGORON

| | | |
|---|---|---|
| __4/30/2025__ | | |
| DATE | | ARTHUR F. ENGORON, J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156167/2022   ALTAMIRANO, SEGUNDO vs. FRICK COLLECTION ET AL
Motion No.  001

Page 5 of 5