Altamirano v Frick Collection (2026 NY Slip Op 00002)

Altamirano v Frick Collection

2026 NY Slip Op 00002

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 156167/22|Appeal No. 5496|Case No. 2025-03310|

[*1]Segundo Altamirano, Respondent,
vFrick Collection, et al., Appellants.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Ginarte Gonzalez Winograd LLP, New York (Anthony F. DeStefano of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 30, 2025, which granted plaintiff's motion for summary judgment on his claims pursuant to Labor Law § 240(1) and Labor Law § 241(6) insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.7(b)(1)(i) and 23-1.22(b)(3), unanimously affirmed, without costs.
The court properly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim. The ramp down which he and his co-worker were maneuvering a four-wheeled "mini container" of debris, spanned a height-differential of two feet between two buildings, thus creating a significant height differential with the bottom of a three-to-four-foot deep excavated trench that was adjacent to the ramp. As a safety device, the ramp, which lacked guardrails, failed to prevent plaintiff from falling into the trench when his co-worker lost control of the cart, which plaintiff then tripped over, causing him to fall off the ramp into the trench (see Liu v Whitestar Consulting & Contr., Inc., 219 AD3d 1249, 1250 [1st Dept 2023]; Royland v McGovern & Co., LLC, 203 AD3d 677, 678-79 [1st Dept 2022]). The ramp was not a mere passageway; rather, the record shows that it was a "tool" used by plaintiff after he was assigned to remove debris generated by demolition work and instructed to use the ramp (see id.). Further, contrary to defendants' characterization, the record reflects that the trench was adjacent to the ramp and that the bottom of it was approximately six feet below the ramp.
In light of the grant of plaintiff's motion for partial summary judgment under Labor Law § 240(1), the parties' arguments regarding plaintiff's claim under Labor Law § 241(6) are academic (see Alonso v Cabgram Dev. LLC, 237 AD3d 460, 461 [1st Dept 2025]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026