Tower v Structure Tone, LLC (2026 NY Slip Op 01747)

Tower v Structure Tone, LLC

2026 NY Slip Op 01747

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ.

Index No. 155169/20|Appeal No. 6179|Case No. 2025-00894|

[*1]Philip Tower, Plaintiff-Respondent-Appellant, Nicole Tower, Plaintiff-Respondent,
vStructure Tone, LLC, Defendant-Respondent, TGA 730 Third Avenue Owner LLC, Defendant-Respondent-Appellant. Structure Tone, LLC, Third-Party Plaintiff-Respondent, Jacobson & Company, Inc., Third-Party Defendant-Appellant-Respondent, ABCO Peerless Sprinkler Corporation, Third-Party Defendant-Respondent-Appellant.

Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for appellant-respondent.
The Dauti Law Firm, P.C., New York (Y. Albert Dauti of counsel), for Philip Tower, respondent-appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Lisa L. Gokhulsingh of counsel), for TGA 730 Third Avenue Owner LLC and ABCO Peerless Sprinkler Corporation, respondents-appellants.
Cornell Grace, P.C., White Plains (Aram L. Erenburg of counsel), for Structure Tone LLC, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 21, 2025, which, to the extent appealed from and as limited by the briefs, granted the motion of defendant/third-party plaintiff Structure Tone, LLC's (Tone) for summary judgment dismissing plaintiff's claims under Labor Law § 200 and common-law negligence as against it, denied plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim against defendant TGA 730 Third Avenue Owner LLC (TGA-Owner) and Tone, denied the branch of TGA-Owner's cross-motion and Tone's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim, conditionally granted Tone's motion for summary judgment on its claims for contractual defense and indemnity from third-party defendants Jacobson & Company, Inc. (Jacobson) and ABCO Peerless Sprinkler Corporation (ABCO), denied the branch of Jacobson's motion as sought summary judgment dismissing Tone's third-party claims for contractual defense and indemnity against it, and denied Jacobson's motion for summary judgment on its cross-claims for common-law indemnity and contribution against ABCO, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) §§ 23-1.7(e)(1), and (e)(2), and otherwise affirmed, without costs.
Plaintiff Philip Tower, an employee of third-party defendant Jacobson, was injured when he tripped over a loose pipe at a construction site. Plaintiff asserted various Labor Law claims against Tone, the general contractor, and TGA-Owner, the property owner. Tone thereafter commenced a third-party action against two of the subcontractors — namely, Jacobson and ABCO — for, as relevant to this appeal, contractual defense and indemnity. Jacobson, in turn, filed cross-claims against ABCO for common-law indemnity and contribution.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 241(6) claim predicated on violations of 12 NYCRR §§ 23-1.7(e)(1) and (e)(2) as against Tone and TGA-Owner. Plaintiff needed to retrieve a new door from his employer's 6th floor storage area where the doors were stacked. Plaintiff tripped on an obstruction or a condition on the floor — namely, an 18-inch black sprinkler pipe — while walking the only route between the elevator and the storage area on the 6th floor, which was a partially constructed office (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668, 668 [1st Dept 2019]). Photographs show that the unattached new door was about eight-feet in length, and plaintiff would have had to maneuver the door in what was very limited space between the location of the stacked doors and the hallway. The pipe, together with other small sheetrock debris and a piece of cardboard, were lying on the floor alongside the stacked doors. Plaintiff failed to see the pipe before he stumbled on it, breaking his foot, as he turned away from the stack of doors with the new door then in his hands.
Even if the route plaintiff used could not be considered a passageway within the meaning of 12 NYCRR 23-1.7(e)(1), the facts still support a finding that 12 NYCRR 23-1.7(e)(2) was violated. Plaintiff fell in a "working area" on the 6th floor that he passed in order to reach his employer's stored carpentry materials. The loose pipe condition on the floor constituted scattered working materials (see Romano v New York City Tr. Auth., 213 AD3d 506, 508 [1st Dept 2023]; Boss v Integral Constr. Corp., 249 AD2d 214, 215 [1st Dept 1998]). In opposition to plaintiff's motion, Tone and TGA-Owner failed to raise a triable issue. The integral-to-the-work doctrine does not apply as a defense to the alleged violations of 12 NYCRR 23-1.7(e)(1) and (e)(2) because that defense "only applies when the dangerous condition is inherent to the task at hand, and not, as is the case here, when a defendant or third party's negligence created a danger that was avoidable without obstructing the work or imperiling the worker" (Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]). Here, the dangerous condition, which was the loose pipe on the ground, was not inherent to the task at hand (see id.).
In light of the foregoing, plaintiff's Labor Law § 200 and common-law negligence claims have been rendered academic (see Bowden v Summit Glory Prop. LLC, 238 AD3d 629, 630 [1st Dept 2025]).
The court properly granted conditional summary judgment to Tone on its claim for contractual indemnification from Jacobson and ABCO. The obligation to indemnify was triggered because the evidence demonstrated that the claim of injury arose in whole or in part from the acts or omissions of the subcontractor in connection with the performance of any work by the subcontractor (see Cackett v Gladden Props., LLC, 183 AD3d 419, 420 [1st Dept 2020]). Here, Jacobson's duty to indemnify was triggered by plaintiff's injury during the course of his work for Jacobson. As for ABCO, the loose pipe on the floor arose in connection with ABCO's performance of its work installing such sprinkler pipe in the ceiling of the 6th floor where the accident happened, or in connection with its obligation to safely center pile its material debris after its work and to ensure proper storage and control of its sprinkler pipe material on the 6th floor.
To the extent Tone's laborers were responsible for keeping the work floors clean, inspecting the premises, and providing safety on the project, a conditional grant of indemnification is also appropriate in the event of any findings of negligence on the part of Tone (see Newman v New York City Hous. Auth., 231 AD3d 443, 444 [1st Dept 2024]).
The court also properly denied the branch of Jacobson's motion for summary judgment dismissing ABCO's cross-claims for common-law indemnity and contribution against it because it cannot be concluded as a matter of law that plaintiff, as Jacobson's foreman, and Jacobson were free of negligence in the cause of plaintiff's accident (see Royland v McGovern & Co., LLC, 203 AD3d 677, 679 [1st Dept 2022]; see also McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026